IN THE
UNITED STATES DISTRICT COURT
For THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 30 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Sean V. Jeffries )
Plaintiff )
)
v. )
)
City of Chicago, )
A municipal )
Defendant Corporation )

Case Number: 15-cv-07542

Judge: REBECCA PALLMEYER

Magistrate Judge:

JURY TRIAL DEMANDED

FOURTH AMENDED COMPLAINT

Plaintiff, Sean V. Jeffries Pro Se in this Fourth Amended Complaint complain of Defendant City of Chicago ("city") as follows:

## NATURE OF THE CASE

1. Plaintiff Jeffries was employed by Defendant City for approximately 9 years as a pool motor truck driver with the Department of Water Management.

2. Until the occurrence of matters which are the subject of this Fourth Amended Complaint, Plaintiff had no disciplinary history in regard to his employment with the city.

3. Plaintiff was injured on the job and filed a petition with the Illinois Industrial Commission

4. The Illinois Industrial Commission is the state Agency which administers Illinois Worker's Compensation Claims.

5. Plaintiff was re-injured on the job on August 25, 2014. That re-injury was part of Plaintiff's Worker's Compensation claim.

6. Plaintiff was fired by the City based upon his race, which is black, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq and 42 U.S.C. § 1981.

7. Plaintiff's termination from employment by the City constitutes unlawful discrimination in violation of the Americans with Disabilites Act, 42 U.S.C. 12101 et seq.

## PARTIES

8. Plaintiff is a black citizen of the United States of America and a resident of the City of Chicago and the State of Illinois.

9. Defendant City is a municipal corporation and a political subdivision of the State of Illinois.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

11. This Court has jurisdiction pursuant to 28 U.S.C. 1343

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Plaintiff resides in this District and a substantial part of the events or omission giving rise to Plaintiff's claims occurred in this District.

13. Venue is proper because the Northern District of Illinois Defendant maintains offices in this District and does business in Illinois.

## Count I

### Title VII of the Civil Rights Act of 1964, as amended 42 USC § 2000e, et seq.

14. Plaintiff reasserts the allegations contained in paragraphs 1 through 13 of Plaintiff's Fourth Amended Complaint as if alleged in this Count I.

15. On May 21, 2015 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (Exhibit A). The employer named in the charge was described as the Chicago Department of Water Management.

16. On June 1, 2015, the EEOC issued a Right to Sue Letter (Exhibit B) to Plaintiff.

17. Defendant City at all times relevant had notice of Plaintiff's charge of discrimination and the City received a copy of the Right to Sue Letter that the EEOC sent to Plaintiff. Further, the Chicago Department of Water Management is a department of the city.

18. The City of Chicago Committee on Finace summarily denied Plaintiff's Worker's Compensation Claim.

19. The City of Chicago Committee on Finace did not summarily deny similarly situated white employees Worker's Compensation claims.

20. The City's denial of Plaintiff's Worker's Compensation claim was based on Plaintiff's race which is black.

21. The City demanded that Plaintiff take an unpaid medical leave of absence and execute a form entitled "Request for Leave of Absence", attached hereto as Exhibit C.

22. The "Request for Leave of Absence" form expressly required that Plaintiff give the City the power to execute my signed resignation and give the city the sole right to determine what circumstances justify the Plaintiff not reporting for duty promptly within 5 days of the expiration of the leave of absence or extension of leave of absence. The language on the form state "I hereby resign from my Career Service/Non-Career Service position of Pool Motor Truck Driver".

23. Plaintiff refused to sign the "Request for Leave of Absence" form because Plaintiff had no intention of resigning his position nor give the city the right to execute Plaintiff's resignation because of Plaintiff's signature on the "Request for Leave of Absence" form.

24. In addition, the "Request for Leave of Absence" form expressly provided that the city would have "<u>the sole right</u> to determine what circumstances shall justify an employee not returning to work"

25. The effect of signing the "Request for Leave of Absence" would essentially require Plaintiff to waive his rights as an employee and as an employee with a disability.

26. Plaintiff refused the City's demand that he execute the "Request for Leave of Absence" and apply for Personal Disability. (Exhibit D-E)

27. The City did not terminate similarly situated white employees in violation of City rules that could bring termination

28. The Citys demand that Plaintiff take Personal Disability was discrimination based on race

29. The charge, among other things, alleges that Defendant City terminated Plaintiffs employment based on his race which is black

30. On Feb 19, 2015, Defendant City terminated Plaintiff on charges that he was absent without leave from October 22, 2014 through January 9, 2015 and that he had violated Personnel Rule XVIII Section 1, subsections 1, 4 and 50.

31. On June 15, 2015 Defendant City conducted an administrative hearing at City Defendant's offices which determined that Plaintiff was properly terminated.

32. Subsequently, Salvador A. Cicero, Karen M. Coppa, and Samuel L. Evans, Jr. who are members of Defendant City's Human Resources Board confirmed Plaintiff.

33. The City did not terminate similarly situated white employees.

34. Defendant's termination of Plaintiff's employment with the City was based on Plaintiff's race which is black.

WHEREFORE, the Plaintiff, Sean V. Jeffries seeks, compensatory damages, reinstatement, and restoration of health benefits, retirement benefits, pension benefits, back pay, front pay, and prejudgment interest and any other relief this Court deems just, pursuant to FRCP 54(c). Mr. Jeffries also seeks cost, including disbursements and attorney's fees, pursuant to 42 U.S.C. § 2000e-5(k).

## Count II

### Americans with Disabilities Act, 42 U.S.C. 12101 et seq.
### Failure to Accommodate and Termination

35. Plaintiff reasserts the allegations contained in paragraphs 1 through 34 of Plaintiff's Fourth Amended Complaint as if alleged in this Count II.

36. Plaintiff's EEOC charge, among other things, alleges that Defendant City discriminated against Plaintiff based on Plaintiff's disability.

37. Plaintiff's disability was that he suffered an injury on January 7, 2013 and reoccurred on August 25, 2014 when he was on his third day at the job after being off work for over 19 months with the same injury while operating a truck for the city.

38. Plaintiff's disability as alleged above included, but was not limited to, the following (a) spasms to neck and low back (b) throbbing pain to right and left knee in kneecap area. (c) constant pain in both right and left ankles (d) shooting pains on the medial side of both ankles (e) balance issues

39. The injuries as described above limited one or more of plaintiff's major life activities including, but not limited to his ability to walk, his ability to concentrate and his ability to travel

40. Plaintiff's treating physician determined that Plaintiff could not medically return to work with the City until after Plaintiff had surgery regarding his injuries and had recovered at which time he could return to work for the City.

41. Plaintiff was disabled within the meaning of the ADA.

42. Defendant City through it's doctors, agents and employees knew of Plaintiff's disability as described above and received reports of Plaintiff's disability from Plaintiff's treating physician and Plaintiff.

43. The EEOC charge also alleges that Defendant City failed to make reasonable accommodations for Plaintiff's disability.

44. In Particular that the City Defendant sent the Plaintiff back to work at full duty without any work harding or vocational rehabilatation, even though Plaintiff had not work for over 18 months and Plantiff's doctor did not release Plantfiff to full duty because of the reoccuring injury.

45. Plaintiff requested that the City process his Worker's Compensation claim and that the City allow him to return to work after he was medically able to return to work through the reassignment process as stated to Plaintiff by the City

46. In Addition the City demanded that Plaintiff Execute the Request for Leave of Absence form (Exhibit C) and to go on Personal Disability which would restrain Plaintiff's right to prosecute his Worker's Compensation Claim.

47. The charge also alleges that Defendant City terminated Plaintiff because of his disability. When other more reasonable remedie would have been appropriate. (Exhibit F)

48. On February 19, 2015 the City improperly terminated Plaintiff for his inability to return to work despite the City Defendant being informed by way of numerous work status reports that the Plaintiff's doctor would not release Plaintiff to work before Plaintiff had the needed surgery. Which Plaintiff had in April 2015

49. On February 19, 2015 the City also improperly terminated Plaintiff for refusing to execute the "Request for Leave of Absence" and refusing to go on Personal Disability, both actions would have compromised his rights as a worker with disabilities.

50. Defendant City's actions were in violation of Americans with Disabilities Act 42 U.S.C. 12101 et seq

WHEREFORE, the Plaintiff Sean V. Jeffries seeks compensatory damages, reinstatement, and restoration of health benefits, pension benefits, backpay, front pay, and prejudgment interest and any other relief this court deems just, pursuant to FRCP 54(c). Mr. Jeffries also seeks cost, including disbursements and attorney's fees, pursuant to Plaintiff's termination from employment by the city.

## COUNT III

## 42 U.S.C. § 1981

51. Plaintiff reasserts the allegations contained in paragraph 1 through 43 of this Fourth Amended complaint

52. The City's actions constitute a violation of 42 U.S.C. 1981

WHEREFORE, the plaintiff, Sean V. Jeffries seeks compensatory damages, reinstatement, and restoration of health benefits, retirement benefits, pension benefits, back pay, front pay, and prejudgment interest and any other relief this Court deems just, pursuant to FRCP 54(c). Mr. Jeffries also seeks costs, including disbursements and attorney's fees, pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1988

January 29, 2018

Respectfully Submitted

Sean V. Jeffries
8101 S. State St.
Chgo IL. 60619
Plaintiff/Pro SE.

Exhibit A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2015-04225 |

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Sean V. Jeffries | (312) 402-8703 | 09-15-1961 |

Street Address: 8101 S. State Street, Chicago, IL 60619

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CHICAGO DEPARTMENT OF WATER MANAGEMENT | 500 or More | (312) 745-0818 |

Street Address: 333 S. State Street, Chicago, IL 60604

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 02-19-2015

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with Respondent in or about December 2005. My position was Motor Pool Truck Driver. During my employment, I reported my disability to Respondent and requested reasonable accommodation, which was not provided, resulting in re-injury. Subsequently I have been discharged, whereas a non-Black employee has been reinstated.

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended. I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY — When necessary for State and Local Agency Requirements

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

May 21, 2015
Date — Charging Party Signature

Exhibit - B

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Sean V. Jeffries<br>8101 S. State Street<br>Chicago, IL 60619 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2015-04225 | William Hubbartt,<br>Investigator | (312) 869-8091 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Julianne Bowman, 6-1-15
District Director    (Date Mailed)

Enclosures(s)

cc:
CHICAGO DEPARTMENT OF LAW
30 N. LaSalle Street, rm 1040
Chicago, IL 60602

SECTION A    Exhibit-C

# CITY OF CHICAGO
## DEPARTMENT OF HUMAN RESOURCES

### REQUEST FOR LEAVE OF ABSENCE
(See below for instructions)

**X** CAREER SERVICE
___ NON-CAREER SERVICE

**X** Original Request
___ Extension Request

DATE _____ EMPLOYEE NUMBER **99822**    EMPLOYEE NAME **Sean Jeffries**

DEPARTMENT **Water Management**    BUREAU **BOD**    TITLE **Pool Motor Truck Driver**

TYPE OF LEAVE: ___ Duty Disability ___ FMLA **X** Medical Leave (Attach Medical Certificate) ___ Personal Business
___ Paid Parental ___ Military ___ Non-Career Service Appointment ___ Other

**PAID - LENGTH OF LEAVE REQUESTED** _____ Months
Effected Date: ___ Mo. ___ Day ___ Year

**NOT PAID - LENGTH OF LEAVE REQUESTED** _____ Months
Effected Date: **10** Mo. **22** Day **2014** Year

Expiration Date: ___ Mo. ___ Day ___ Year
Expiration Date: ___ Mo. ___ Day ___ Year

REASON FOR REQUEST: _____

For Office Use Only

I hereby resign from my Career Service/Non-Career Service position of **Pool Motor Truck Driver** of this leave of absence/extension of leave of absence. My resignation shall be effective unless there are extenuating circumstances which prohibit me from returning to work in five days of the expiration shall be my responsibility to notify the Employer of such circumstances no later than the 5th day following the expiration of the leave. The Employer shall have the sole right to expiration of my leave. It shall justify an employee not returning from leave promptly. I understand that I must provide satisfactory documentation for my failure to return from my leave. The effective date mine what circumstances 5th day after the expiration of my leave of absence/extension of leave of absence. However, this resignation will not be affected if through my action my name has been restored the resignation shall be the extension of the leave of absence has been requested and approved.

Employee Signature _____ a reinstatement list or an

DEPARTMENT HEAD APPROVAL: Yes ___ No ___

Signature _____    COMMENTS:

Title _____

EFFECTIVE DATE: ___ Mo. ___ Day ___ Year

EXPIRATION DATE: ___ Mo. ___ Day ___ Year

Copy – To Employee
Copy – To Department Head
Copy – To Immediate Supervisor
Copy – To Department of Human Resources

Rev. 11/17/11
PER-73-A
177116 form 21-6

Exhibit-D

[Certified Mail Return Receipt addressed to:]

1. Article Addressed to:

Sean Jeffries
8101 South State Street
Chicago, Illinois 60619

2. Article Number: 7012 0470 0001 4584 5039

PS Form 3811, February 2004  Domestic Return Receipt

September 16, 2014

Sean Jeffries
8101 South State Street
Chicago, Illinois 60619

Dear Mr. Jeffries:

The Committee on Finance has notified our office that they have denied liability for your accident of 8/25/14. Subsequently, personal disability leave procedures and paperwork were mailed to you September 9, 2014. On September 15, 2014, you informed Tina De Santo that you choose not to apply for personal disability.

**Based on the above, you are hereby notified to report to 333 S. State Street, Suite 410, Chicago, Illinois 60604 on Tuesday, September 23, 2014, at 9 am, to meet with Ms. De Santo to discuss your return to work.**

Failure to respond to this notification will imply to us that you have voluntarily abandoned your position of Pool Motor Truck Driver, making you AWOL.

Should you require more information about this meeting or would like to discuss the information you will be asked to provide at this meeting, you may call Tina De Santo at (312)747-7898.

Thank you,

*[signature]*

Marisol Santiago
Director of Administration

CERTIFIED MAIL AND REGULAR FIRST CLASS MAIL

cc/M. Egan

1000 EAST OHIO STREET, CHICAGO, ILLINOIS 60611

Exhibit - E



## Department of Water Management
### City of Chicago

October 29, 2014

Sean Jeffries
8101 South State Street
Chicago, IL 60619

*Via Certified and First Class mail*

Dear Mr. Jeffries:

You failed to respond to our attached letter of October 7. As you know, the Committee on Finance denied your injury claim of August 25, 2014. As of October 22, 2014 you used all your accumulated paid time off. Despite several letters from our department, you have neither applied for a personal disability leave nor sought a reasonable accommodation under the Americans with Disabilities Act. Paperwork for these options is enclosed again.

City of Chicago Personnel Rule XVIII Section 1, Subsection 1 requires that the Department initiate discharge action against any employee who is absent without leave for over five (5) consecutive work days.

If you do not return to work with a full medical release or submit the enclosed paperwork by Friday, November 7, 2014, we will seek charges for your termination.

Sincerely,

Marisol Santiago
Director of Administration

Cc: Ramon Williams, Teamsters Local 700

Exhibit — F

**From:** seanseanv <seanseanv@aol.com>
**To:** seanseanv <seanseanv@aol.com>
**Subject:** Fwd: Drunken Plumber
**Date:** Thu, Apr 23, 2015 11:07 pm

-----Original Message-----
From: Spielman, Fran <fspielman@SunTimes.Com>
To: Sean <seanseanv@aol.com>
Sent: Mon, Jul 23, 2012 9:53 am
Subject: RE: Drunken Plumber

this is what I wrote as part of a story on the ig's quarterly report:

BULLIT A plumber on the Department of Water Managements overnight shift accused of drinking on duty, falsifying the quantity and quality of his work and verbally abusing co-workers while interfering with their work. Ferguson wanted the plumber terminated. Water Management opted for a 29-day suspension.


-----Original Message-----
From: Sean [mailto:seanseanv@aol.com]
Sent: Mon 7/23/2012 9:45 AM
To: Spielman, Fran
Subject: Drunken Plumber

Hello my name is Sean Jeffries . I was
told that you ran a story about a city plumber who was drunk and abusive
at work . I was told the excerpt ran last
week , the week starting 7/16/2012.
Since I am the city employee who turn
in the plumber I would appreciate if
you could email the excerpt to me because I
can't find it. Sean  Jeffries 13124028703.
seanseanv@aol.com

Thank You .

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEAN V. JEFFRIES
Plaintiff

v.

City of Chicago
Defendant(s). A Municipal Corporation

Case No. 15-CV-07542

Judge: REBECCA PALLMEYER

## CERTIFICATE OF SERVICE

TO: City of Chicago Law Department
Susan M. O'Keef
30 N. LaSalle St Suite 1020
Chicago IL 60602

I hereby certify that on 1-30-18 I provided a copy of:

Fourth Amended Complaint

to the person(s) listed above by the following means: (circle one) **first class mail**, hand delivery, email, ECF.

Signature: /s/ SV Jeffries         Date: 1-30-18

Name (Print): SEAN V. JEFFRIES

Address: 8101 S. State St         Phone: 312 402 8703
~~60643~~ 60619